**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**v.**

$36,573.00 **IN U.S. CURRENCY,**

   **Defendant.**

Civil No. **5:22-CV-311 (Bailey)**

> ELECTRONICALLY
> FILED
> Dec 20 2022
> U.S. DISTRICT COURT
> Northern District of WV

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

  The United States brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

  1. This action is to remedy a violation of the Controlled Substances Act, codified at 21 U.S.C. §§ 801, *et. seq*., by forfeiting property under 21 U.S.C. § 881 is governed by 18 U.S.C. § 983.

## THE DEFENDANT *IN REM*

  2. The defendant (hereinafter, the "defendant property") is:

   A. $36,573.00 in U.S. Currency.

  3. The defendant property was seized from Gordon Lloyd Swartz, IV by the State of West Virginia Division of Natural Resources Law Enforcement Section on October 12, 2019.

  4. The defendant currency is presently in the custody of the State of West Virginia Division of Natural Resources.

5.      Upon the filing of this complaint, the plaintiff will request that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

## JURISDICTION AND VENUE

6.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1355(a) because this forfeiture action has been commenced by the United States.

7.      The Court has *in rem* jurisdiction pursuant to: (1) 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in this district; (2) 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, as to the defendant currency because it is located in this district; and (3) 28 U.S.C. § 1355(b)(1)(B), incorporating 21 U.S.C. § 881(j), because a criminal prosecution of the owner of the property has been brought in this district.

8.      Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in this judicial district.

## BASIS FOR FORFEITURE

9.      The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such exchange; and (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act.

10.      The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11) because it constitutes proceeds (as defined in Title 21 Section 841) used or intended to be used to

2

commit or to facilitate the commission of the offense, and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of any controlled substance.

11.     To the extent applicable, pursuant to 21 U.S.C. § 881(h), all right, title and interest in the defendant property vested in the United States upon commission of the acts giving rise to the forfeiture in this action.

## FACTS

12.     The following facts establish a reasonable belief that the government will be able to meet its burden of proof at trial. The facts alleged in this Complaint are based upon information and belief, the sources of which are agents and reports from the State of West Virginia Division of Natural Resources Law Enforcement Section, and other written and oral information received by the United States Attorney's Office for the Northern District of West Virginia.

13.     On October 12, 2019, along Indian Creek Road in Tyler County, West Virginia, West Virginia Resources Police Officers R.S. Cremeans Jr., W.A. Phillips, E.J. Carder, and Sergeant J.A. Parsons, observed a Ford F-350 with an attached car trailer hauling a Lincoln SUV parked with the rear of the trailer partially in the roadway and parking lights on.

14.     Officers observed the male driver of the vehicle to not be conscious.

15.     Officers performed a welfare check on the male driver.

16.     Because of his training and experience, Officer Cremeans observed a methamphetamine pipe in the lap of the male individual.

17.      Officer Cremeans was able to awaken the individual.

18.     The male individual was identified as Gordon Lloyd Swartz, IV ("Swartz") by his West Virginia driver's license.

19.     Officer Cremeans asked Swartz if there were any firearms or drugs in the vehicle.

3

20.    Swartz responded in the positive, stating there was a gun and some marijuana.

21.    Officers performed a search of the vehicle and located a Glock 26 firearm bearing serial number WUH027 located under the driver's seat.

22.    Officers also located a small amount of clear crystal substance inside of a glass bottle, suspected to be methamphetamine.

23.    Officers also located a Camillus machete-style knife, three iPhones, and two large black plastic containers.

24.    Officer Cremeans observed the two large black plastic containers to have locks and had been stamped with "US Property."

25.    Officer Cremeans could detect an odor of marijuana emitting from one of the containers.

26.    Swartz advised the officers that a little bit of marijuana, methamphetamine, and his gun were inside the containers.

27.    An ammo box located inside Swartz's vehicle contained hundreds of keys but the efforts to unlock the cases were unsuccessful.

28.    Swartz advised officers that there was a first-aid kit in the container that has $37,000.00 inside, and that he can't let it out of his sight.

29.    Officers advised Swartz to remain with his vehicle until he felt he was able to drive and that they would be in contact with him.

30.    Both firearms that were seized from the vehicle and the container were checked through NCIC and cleared.

31.     Officers requested a Triple I for Swartz through Tyler County 911 and were advised that he had felony charges for the crime of Grand Larceny but had not been convicted yet and was awaiting trial.

32.     Officer Cremeans contacted Tyler County Prosecutor, Luke Furbee, and was informed that Swartz was out on bond for these charges.

33.     Officers then transported the evidence obtained, along with the two plastic containers, to the West Virginia Natural Resources office in Ritchie County.

34.     On October 12, 2019, Officer Cremeans applied for and was granted a search warrant for the two locked plastic containers by the Ritchie County Circuit Judge Sweeney.

35.     On October 12, 2019, Officers Cremeans, I.R. Sweet, W.A. Phillips, E.J. Carder, and Sergeant J.A. Parsons executed the search warrant.

36.     Inside the cases, officers found $36,573.00 in U.S. Currency, approximately 85.3 grams of suspected marijuana, approximately 12.5 ounces of a clear crystal-like substance suspected to be methamphetamine, an assortment of pills, and a Glock 19 pistol bearing serial number ZLS513 along with a faux suppressor.

37.     A certified forensic chemist at the DEA Mid-Atlantic Laboratory analyzed the suspected methamphetamine and concluded that it was methamphetamine, a Schedule II-drug controlled substance.

      A. The methamphetamine was confirmed to be 91.65 grams of 97% pure methamphetamine (crystalline) and 47.79 grams of methamphetamine (liquid).

38.     The seized evidence was then transported to the West Virginia Natural Resources Police District 6 office in Parkersburg, Wood County, West Virginia and placed into evidence.

39.    On February 4, 2020, a grand jury sitting in the Northern District of West Virginia returned an Indictment against Swartz in Case Number 5:20CR3, charging him with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841.

40.    On July 19, 2021, Swartz failed to appear for a final pre-trial conference in front of Judge John Preston Baily in Case Number 5:20CR3 and a warrant was issued.

41.    On February 22, 2022, Swartz was located in the Marietta, Ohio, area at a hotel.

42.    On October 17, 2022, the United States Attorney in the Northern District of West Virginia filed an Information against Swartz in Case Number 5:22CR39, charging him with Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(3), and Failure to Appear, in violation of Title 18, United States Code, Section 3146(a)(1).

43.    On October 17, 2022, during the Rule 11 hearing, Swartz pled guilty to Count One of the Information, alleging that he violated 18 U.S.C. § 922(g)(3), and Count Two of the Information, alleging that he violated Title 18, United States Code, Section 3146(a)(1).

44.    The Plea Agreement included a stipulation that Swartz agreed to the civil forfeiture of $36,573.00 in U.S. Currency.

## **CONCLUSION**

45.    Paragraphs 1 - 44 are incorporated by reference.

46.    The defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 853, because it was involved in or used in a knowing violation of 21 U.S.C. § 841.

WHEREFORE, plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the Complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal and DEA dispose of the

defendant property according to law; that the plaintiff be awarded its costs and disbursements in this action; and that the plaintiff have such other and further relief as this Court deems proper and just.

Respectfully submitted,

William Ihlenfeld
United States Attorney

By:     */s/ Morgan S. McKee*
        Morgan S. McKee
        Assistant United States Attorney
        WV Bar No. 12669
        United States Attorney's Office
        1125 Chapline Street, Suite 3000
        Wheeling, WV 26003
        Phone: (304) 234-0100
        morgan.mckee@usdoj.gov

## VERIFICATION

I, Morgan S. McKee, hereby verify and declare that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the factual matters contained in the Complaint are true to my knowledge and belief. The sources of my knowledge are the official files and records of the United States, and information supplied to me by law enforcement officers.

I hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746 that the foregoing is true and correct.


Dated:   12/20/2022

William Ihlenfeld
United States Attorney

By:   */s/ Morgan S. McKee*
Morgan S. McKee
WV Bar No. 12669
Assistant United States Attorney
United States Attorney's Office
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
Phone: (304) 234-0100
morgan.mckee@usdoj.gov